LEE EDWARD PEYTON
**FULL NAME**

S.A.A.
**COMMITTED NAME (if different)**

VENTURA COUNTY JAIL
POST BOX 6929 - VENTURA CA 93006
**FULL ADDRESS INCLUDING NAME OF INSTITUTION**

BK # 1976725
**PRISON NUMBER (if applicable)**

Fee Paid          Related DOT

FILED
CLERK, U.S. DISTRICT COURT

APR 2 8 2017

CENTRAL DISTRICT OF CALIFORNIA
DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

LEE E. PEYTON

                    PLAINTIFF,

          v.

STEPHEN LIPSON, PUBLIC DEFENDER, ET ALIA, DEFENDANT(S).

CASE NUMBER **CV 17 - 03202 VAP (AJW)**

*To be supplied by the Clerk*

DEMAND FOR JURY TRIAL

## CIVIL RIGHTS COMPLAINT
**PURSUANT TO** *(Check one)*

☒ 42 U.S.C. § 1983   "MONELL CLAIM"
☐ Bivens v. Six Unknown Agents 403 U.S. 388 (1971)

## A. PREVIOUS LAWSUITS

1. Have you brought any other lawsuits in a federal court while a prisoner: ☒ Yes   ☐ No

2. If your answer to "1." is yes, how many? UNKNOWN

   Describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on an attached piece of paper using the same outline.)

   NOTE: "I DO NOT HAVE THIS INFORMATION ON HAND"



RECEIVED
CLERK, U.S. DISTRICT COURT

APR 2 7 2017

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

a. Parties to this previous lawsuit:

Plaintiff _N/A_____

_____

Defendants _____

_____

b. Court _____

_____

c. Docket or case number _____

d. Name of judge to whom case was assigned _____

e. Disposition (For example:  Was the case dismissed?  If so, what was the basis for dismissal?  Was it

appealed?  Is it still pending?) _____

f. Issues raised: _____

_____

_____

g. Approximate date of filing lawsuit: _____

h. Approximate date of disposition _____

## B. EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. Is there a grievance procedure available at the institution where the events relating to your current complaint
occurred?  ☒ Yes   ☐ No

2. Have you filed a grievance concerning the facts relating to your current complaint?  ☒ Yes   ☐ No

If your answer is no, explain why not _N/A_____

_____

_____

3. Is the grievance procedure completed?  ☒ Yes   ☐ No

If your answer is no, explain why not _N/A_____

_____

4. Please attach copies of papers related to the grievance procedure.  See Declaration of Lee E. Peyton

## C. JURISDICTION

This complaint alleges that the civil rights of plaintiff _Lee Edward Peyton_____

                                                                              (print plaintiff's name)

who presently resides at _Ventura County Jail - Post Box 6929 - Ventura Ca 93006_,

                                        (mailing address or place of confinement)

were violated by the actions of the defendant(s) named below, which actions were directed against plaintiff at

_Ventura Superior Court and Ventura County Jail in Ventura California_

                            (institution/city where violation occurred)

**CIVIL RIGHTS COMPLAINT**

on (date or dates) _December 2003_____ ____2016- 2017_____, _____
                       (Claim I)                  (Claim II)                  (Claim III)

**NOTE:** You need not name more than one defendant or allege more than one claim. If you are naming more than five (5) defendants, make a copy of this page to provide the information for additional defendants.

1. Defendant _Stephen Lipson ; County of Ventura_____ resides or works at
        (full name of first defendant)

    _800 South Victoria Avenue, Ventura Ca 93009_____
    (full address of first defendant)

    _Public Defender, County of Ventura_____
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
_Stephen Lipson is the Ventura County Public Defender and the claim alleged herein is essentially against the "County of Ventura" itself under MONELL V. DEPT. OF SOC. SERVS, 436 U.S. 658, as set forth below._

2. Defendant _Geoff Dean_____ resides or works at
        (full name of first defendant)

    _800 South Victoria Avenue, Ventura Ca 93006_____
    (full address of first defendant)

    _SHERIFF_____
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☒ individual   ☒ official capacity.

Explain how this defendant was acting under color of law:
_GEOFF DEAN IS THE SHERIFF OF VENTURA COUNTY SHERIFF'S OFFICE, AND WAS ACTING IN INDIVIDUAL AND OFFICIAL CAPACITIES WHEN HE VIOLATED PLAINTIFF FEDERAL RIGHTS._

3. Defendant _____ resides or works at
        (full name of first defendant)

    _____
    (full address of first defendant)

    _____
    (defendant's position and title, if any)

The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

Explain how this defendant was acting under color of law:
_____

_____

4.  Defendant _____ resides or works at
       (full name of first defendant)

       _____

       (full address of first defendant)

       _____

       (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

5.  Defendant _____ resides or works at
       (full name of first defendant)

       _____

       (full address of first defendant)

       _____

       (defendant's position and title, if any)

    The defendant is sued in his/her (Check one or both): ☐ individual   ☐ official capacity.

    Explain how this defendant was acting under color of law:

    _____

    _____

## D. CLAIMS*

**CLAIM I**

The following civil right has been violated:

DEFENDANTS STEPHEN LIPSON AND THE COUNTY OF VENTURA VIOLATED PLAINTIFF'S DUE PROCESS RIGHTS AND GUARANTEE TO EFFECTIVE ASSISTANCE OF COUNSEL AND TO DUE PROCESS OF LAW WHEN DEFEND- ANTS' AS. APPOINTED TRIAL COUNSEL FAILED TO TIMELY FILE A NOTICE OF APPEAL AND REQUEST FOR THE ISSUANCE OF A CERTI- FICATE OF PROBABLE CAUSE AS INSTRUCTED BY PLAINTIFF WITHIN THE STATUTORY TIME PERIOD TO FILE A DIRECT APPEAL, THEREBY VIOLATING AND DEPRIVING PLAINTIFF OF DUE PROCESS OF LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT

**Supporting Facts:** Include all facts you consider important. State the facts clearly, in your own words, and without citing legal authority or argument. Be certain you describe, in separately numbered paragraphs, exactly what each DEFENDANT (by name) did to violate your right.

1. Plaintiff allege that in December 2003 he wrote to his appointed counsel Mark S. Stein, Deputy Public Defender and instructed Stein to file a Notice of Appeal in Plaintiff behalf.

2. Plaintiff allege that in December 2003 he recieved a letter from Stein, Plaintiff allege that Stein told the Plaintiff that he could not file a Notice of Appeal on Plaintiff behalf.

3. Plaintiff allege that he wrote Stein back and again instructed Stein to file a Notice of Appeal in his behalf.

4. Plaintiff allege that Stein did not file a Notice of Appeal as Plaintiff has expre- ssly instructed, nor did Stein respond back to Plaintiffs letter instructing Stein to file a Notice of Appeal.

5. Plaintiff allege he was deprived and therefore lost the opportunity to file a Notice of Appeal challenging his conviction within the statutory time period to file a direct appeal as a direct and proximate result of Stein's refusal to file a Notice of Appeal as instructed by Plaintiff. Plaintiff recieved a judicial finding of these facts by federal habeas relief. [EXHIBIT. 1]

*If there is more than one claim, describe the additional claim(s) on another attached piece of paper using the same outline.

CLAIM I, CONTINUED

6.   Plaintiff allege that Stein's refusal to file a Notice of Appeal as instructed by Plaintiff deprived Plaintiff of effective assistance of counsel and of due process of law and thus violated Plaintiff civil rights.

7.   Plaintiff allege that in December 2003 when he instructed Stein to file a Notice of Appeal, that Stein had been ingesting methamphetamines on a daily basis and was representing criminal defendants while under the influence of illegal narcotics and in the capacity of a Deputy Public Defender employed by Ventura County Public Defender's Office.

8.   Plaintiff allege that as a direct and proximate result of Stein's addiction to methamphetamines and actions of performing his duties as a Deputy Public Defender while under the influence of methamphetamines, that being under the influence of narcotics affected Stein's ability to properly function with full control of his mental faculties as a reasonably competent attorney, which Plaintiff allege was the cause resulting in Stein's failure to file a Notice of Appeal within the statutory time period as instructed by Plaintiff, which violated Plaintiff rights to effective assistance of counsel and to due process of law.

9.   Plaintiff assert that through formal discovery he could obtain the identities and contact information of several former employee's of the Ventura County Public Defenders Office whom were also ingesting methamphetamines and representing criminal defendants and performing other duties while under the influence of methamphetamines, who witnessed Stein under the influence of methamphetamines representing criminal defendants in 2003 and thereafter.

10.   Plaintiff assert that during an evidentiary hearing he could present those former employees and elicit testimony establishing that they witnessed Stein ingesting methamphetamines and representing criminal defendants while under the influence thereof in 2003 and thereafter.

11.   Plaintiff allege that for years there was a group of lawyers and other employee's whom were ingesting methamphetamines and were regularly performing their job duties while employed by the Ventura County Public Defender's office and that as a Supervisor defendant Lipson knew

about the methamphetamine epidemic within the Public Defenders office and despite this know-ledge allowed employee's to carry on for years while under the influence of methamphetamines performing their official duties as deputy public defenders, paralegals, secretaries, etc, until a huge scandal broke-out concerning the heavy use of methamphetamines by employees of the Public Defenders office, who were then given the ultimatum of resigning or being fired.

12.    Plaintiff assert that during an evidentiary hearing he could present these former employ-ee's and elicit testimony establishing that these former employees were employed by the Public Defenders office with Stein and that they each were ingesting methamphetamines and while under the influence thereof performing their duties as lawyers and other-wise for months and years until their scandal came to public light and they were given the ultimatum by defendant Lipson to resign or be fired.

13.   Plaintiff allege that at all times as alleged herein defendant Lipson was Stein's supervisor and was responsible for permitting Stein to represent criminal defendants while under the influence of methamphetamines.

14.    Plaintiff allege that defendant Lipson and the County of Ventura is liable under 42 U.S.C § 1983 for the violation of his civil rights with respect to the violation of his rights to effective assistance of counsel and due process of law as the result of Stein's refusal to file the Notice of Appeal as instructed by Plaintiff.

15.   Plaintiff assert he has stated a colorable claim for relief under 42 U.S.C § 1983 and the Due Process Clause to the Fourteenth Amendment.

\\

\\

II

THE DEFENDANT'S OFFICIAL "POLICY" AND "CUSTOM" UNCONSTITUTIONALLY DENIED PLAINTIFF THE "NOTICE" REQUIRED BY DUE PROCESS OF LAW AND DEPRIVED PLAINTIFF OF HIS DUE PROCESS RIGHT TO BE INFORMED AND CONFRONTED WITH THE ADVESE EVIDENCE THAT IS TO BE WEIGHED BY THE TRIER OF FACT, IN VIOLATION OF THE DUE DUE PROCESS CLAUSE OF THE FOURTEENTH AMENDMENT, AND WOLFF V. McDONNELL. 418 U.S. 539.

16.   Plaintiff is a prisoner confined in Ventura County Jail awaiting trial.

17.   Defendant Geoff Dean is the Sheriff of Ventura County Sheriff's Office, and at all times alleged herein he was the legal custodian of Plaintiff and responsible for the overall operations of Ventura County Jail. Defendant Dean is responsible for the training and supervision of all his subordinate officers employed by Ventura County Sheriff's Office who are assigned as Ventura County Jail custodial officials. Plaintiff allege that at all times as alleged herein defendant Dean violated plaintiff's federal due process rights and protection while acting under the authority of the color of state law in violation of 42 U.S.C. § 1983.

18.   Plaintiff alleges that the "policy" and "custom" employed by defendant Dean in formal disciplinary proceedings violates the type of notice required in prison/jail disciplinary proceedings, and deprived plaintiff of due process of law, of an reasonable opportunity to prepare or defend and to fundamental fairness. Plaintiff allege that the type of notice given by defendant Dean to prisoner's charged with formal disciplinary charges is nearly identical to that condemned in WOLFF V. McDONNELL, 418 U.S. 539, 564, and violates the basic requirement of due process to be informed and confronted with the adverse evidence to be weighed by the trier of fact and relied upon as an evidentiary basis.

19.   Plaintiff assert that his claims brought herein are alleged as an affirmative violation of his due process rights under WOLFF V. McDONNELL, and the Due Process Clause of the Fourteenth Amendment.

20.   On March 10, 2016 Plaintiff was charged with formal disciplinary charges by Reporting Employee Harmon. (hereinafter RE). Harmon provided Plaintiff notice of a Major Disciplinary Report # 358255 (hereinafter MDR). The 'MDR' charged Plaintiff with creating a Disturbance; Disrespect to staff; Failure to obey a directive; Deception; and Unauthorized Communication Within Facility. [EXHIBIT. 2, pg 1].

21.   Plaintiff allege in connection with the MDR Harmon also authored a seperate Jail Incident Report # 196512 (hereinafter JIR). Plaintiff allege Harmon did not provide him written notice of the JIR.

22.   Plaintiff allege that the factual allegations described in the 'RE' JIR are not provided in the particular notice given as desdribed in the "Disciplinary Report Notes" set forth in the MDR that he was provided.

23.   Plaintiff allege that the written notice he was provided in the MDR does not set forth the specific alleged misconduct and factual allegations with particularity to be considered at the hearing, or afford any reasonable opportunity to prepare a defense to the unknown factual allegations set forth in the JIR.

24.   Plaintiff allege that the Jail Incident Report, is a formal written report authored by the Reporting Employee that describes with particularity all of the factual allegations that make up the charges to the particular misconduct or violation of jail rules or the law the charged prisoner is alleged to have committed, but not limited thereto. Plaintiff allege the Jail Incident Report occasionally includes details of factual allegations or otherwise statements given and recieved from other jail staff or prisoner's involved in the reported incident or witnesses thereof in connection with charges brought against the charged prisoner. Plaintiff allege that the JIR specifically contains a thorough detailed description with particularity alleging who did exactly what, at what time, when and where, the names and booking or badge numbers, but not limited thereto. The JIR is the "adverse evidence" weighed by the trier of facts.

25.   Plaintiff allege that the written notice of the MDR he was provided by the Reporting Employee is in fact not the documentary evidence that a Senior Hearing Officer (hereinafter SHO), who conducts the formal disciplinary hearing either refers to or relies upon as the evidentiary basis in making his finding of facts and guilt.

26.   Plaintiff allege that in all formal disciplinary proceedings in Ventura County Jail and pursuant to defendant Dean official policy and custom the prisoner charged with formal disciplinary charges, i.e, MDR, is deprived written notice of the JIR, in all formal disciplinary proceedings.

27.     Plaintiff allege that in all disciplinary hearings in Ventura County Jail and pursuant to the official policy and custom employed by defendant Dean that the JIR is the factual documentary adverse evidence that the SHO during the formal disciplinary hearing refers to and relies upon as evidentiary basis in making his finding of fact and guilt.

28.     Plaintiff assert he has no knowledge of any of the factual allegations which make up the particular charges made against him as described in the Jail Incident Report authored by the Reporting Employee as alleged and set forth in this complaint.

29.     On March 11, 2016 Senior Deputy Kelley acted as the SHO and conducted the formal disciplinary hearing for the MDR issued by Harmon. Plaintiff allege that SHO Kelley did not provide him written notice of the JIR, now allow him to review the JIR. Plaintiff allege that during his hearing SHO Kelley specifically referred to and relied upon Harmon's JIR and the concealed factual allegations therein as the evidentiary basis in making his findings of fact and plaintiff guilt.

30.     Plaintiff allege the SHO failure to provide him written notice of the JIR deprived Plaintiff of his rights to written notice of the charges and factual allegations with particularity to be considered at the hearing, and to any reasonable opportunity to prepare a defense to the concealed factual allegations, and further deprived Plaintiff to fundamental fairness and violated the type of written notice required by due process of law within the meaning of WOLFF V. McDONNELL, and of his due process right to be informed and confronted with the adverse evidence to be weighed by the trier of fact.

31.     Plaintiff allege that the SHO knew or reasonably should have known, that in light of pre-existing law his failure to provide plaintiff written notice of the JIR, violated Plaintiff right to the type of written notice required by due process within the meaning of WOLFF V. McDONNELL, and of his due process right to be informed and confronted with the adverse evidence to be weighed by the trier of fact.

32.     Plaintiff allege the SHO, knew or reasonably should have known that in light of pre-existing law, the official policy and custom of his office and employer which denies written notice of the JIR, violated Plaintiff right to the type of written notice required by due process within the meaning of WOLFF V. McDONNELL, and of the right to be informed and confronted with the adverse evidence to be weighed by the trier of fact.

33.     On September 5, 2016 Plaintiff was charged with formal disciplinary charges by RE. VO. Vo provided Plaintiff written notice of MDR # 368278, which charged Plaintiff with Failure-to-house. The

"Disciplinary Report Notes" in the MDR specifically states "See JIR for details." [EXHIBIT 2, pg 2].

34. Plaintiff allege in connection with the MDR Vo also authored a seperate JIR # 204413. Plaintiff allege Vo did not provide him written notice of the JIR.

35. Plaintiff adopts by reference and incorporates, inclusive, as if fully alleged herein paragraphs 22 through 28.

36. On September 5, 2016 Senior Deputy Smith acted as the SHO and conducted the formal disciplinary hearing for the MDR issued by Vo. Plaintiff allege that SHO Smith did not provide him written notice of the JIR, nor allow him to review the JIR. Plaintiff allege that during his hearing SHO Smith specifically referred to and relied upon Vo's JIR and the concealed factual allegations therein as the evidentiary basis in making his findings of fact and plaintiff guilt.

37. Plaintiff adopts by reference and incorporates, inclusive, as if fully alleged herein, paragraphs 30 through 32.

38. On September 14, 2016 Plaintiff was charged with formal disciplinary charges by 'RE' Jalaty. Jalaty provided Plaintiff written notice of MDR # 368278, which charged Plaintiff with Failure-to-house. The "Disciplinary Report Notes" in the MDR specifically states "See JIR # 204745 for details." [EXHIBIT 2, pg 3].

39. Plaintiff allege in connection with the MDR Jalaty also authored a seperate JIR # 204745. Plaintiff allege Jalaty did not provide him written notice of the JIR.

40. Plaintiff adopts by reference and incorporates, inclusive, as if fully alleged herein paragraphs 22 through 28.

41. On September 16, 2016 Senior Deputy Lucey acted as the SHO and conducted the formal disciplinary hearing for the MDR issued by Jalaty. Plaintiff allege that SHO Lucey did not provide him written notice of the JIR, nor allow him to review the JIR. Plaintiff allege that during his hearing SHO Lucey specifically referred to and relied upon Jalaty's JIR and the concealed factual allegations therein as the evidentiary basis in making his findings of fact and Plaintiff guilt.

42. Plaintiff adopts by reference, and incorporates, inclusive, as if fully alleged herein, paragraphs 30 through 32.

43.    On December 13, 2016 Plaintiff was charged with formal disciplinary charges by RE Lopez. Lopez provided Plaintiff written notice of MDR # 374257, which charged Plaintiff with Failure to obey a directive. The "Disciplinary Report Notes" in the MDR specifically states "Refer to JIR #208516 for details."[EXH.2, pg4].

44.    Plaintiff allege in connection with the MDR Lopez also authored a seperate JIR # 208516. Plaintiff allege Lopez did not provide him written notice of the JIR.

45.    Plaintiff adopts by reference and incorporates, inclusive, as if fully alleged herein, paragraphs 22 through 28.

46.    On December 14, 2016 Senior Deputy Guzzard acted as the SHO and conducted the formal disciplinary hearing for the MDR issued by Lopez. Plaintiff allege SHO Guzzard did not provide him written notice of the JIR, nor allow him to review the JIR. Plaintiff allege that during his hearing SHO Guzzard specifically referred to and relied upon Lopez JIR and the concealed factual allegations therein as the evidentiary basis in making his findings of fact and Plaintiff guilt.

47.    Plaintiff adopts by reference and incorporates, inclusive, as if fully alleged herein, paragraphs 30 through 32.

48.    On December 13, 2016 Plaintiff was charged with formal disciplinary charges by RE Gildroy. Gildroy provided Plaintiff written notice of MDR#374263, charging Plaintiff with Possession of Contraband and Destruction of County property. [EXHIBIT.2, pg 5].

49.    Plaintiff allege in connection with the MDR Gildroy also authored a JIR # 208522. Plaintiff allege Gildroy did not provide him written notice of the JIR.

50.    Plaintiff adopts by reference and incorporates, inclusive, as if fully alleged herein paragraphs 22 through 28.

51.    On December 14, 2016 Senior Deputy Guzzard acted as the SHO and conducted the formal disciplinary hearing for the MDR issued by Gildroy. Plaintiff allege that SHO Guzzard did not provided him written notice of the JIR, nor allow him to review the JIR. Plaintiff allege that during his hearing SHO Guzzard specifically referred to and relied upon Gildroy's JIR and the concealed factual allegations therein as the evidentiary basis in making his findings of fact and Plaintiff guilt.

52.    Plaintiff adopts by reference and incorporates, inclusive, as if fully alleged herein, para-

graphs 30 through 32.

53. On January 16, 2017 Plaintiff was charged with formal disciplinary charges by RE Ruppel. Ruppel provided Plaintiff written notice of MDR # 376485, charging Plaintiff with creating a disturbance and Disrespect to staff. The "Disciplinary Report Notes" in the MDR specifically states "Refer to JIR # 210207 for further details." [EXHIBIT 2, pg 6].

54. Plaintiff allege in connection with the MDR Ruppel authored a seperate JIR # 210207. Plaintiff allege Ruppel did not provide him written notice of the JIR.

55. Plaintiff adopts by reference and incorporates, inclusive, as if fully alleged herein, paragraphs 22 through 28.

56. On January 17, 2017 Senior Deputy Nicholas acted as the SHO and conducted the formal disciplinary hearing for the MDR issued by Ruppel. Plaintiff allege SHO Nicholas did not provide him written notice of the JIR, nor allow him to review the JIR. Plaintiff allege during his hearing SHO Nicholas specifically referred to and relied upon Ruppel's JIR and the concealed factual allegations therein as the evidentiary basis in making his findings of fact and Plaintiff guilt.

57. Plaintiff adopts by reference and incorporates, inclusive, as if fully alleged herein, paragraphs 30 through 32.

58. On April 4, 2017 Plaintiff was charged with formal disciplinary charges by RE Stover. Stover provided Plaintiff written notice of MDR # 380850, charging Plaintiff with creating a disturbance and Failure to Obey a directive. The "Disciplinary Report Notes" in the MDR specifically states "See JIR # 213802 for further details. [EXHIBIT 2, pg 7].

59. Plaintiff allege in connection with the MDR Stover also authored a seperate JIR # 213802. Plaintiff allege Stover did not provide him written notice of the JIR.

60. Plaintiff adopts by reference and incorporates, inclusive, as if fully alleged herein, paragraphs 22 through 28.

61. On April 5, 2017 Senior Deputy Porter acted as the SHO and conducted the formal disciplinary hearing for the MDR issued by Stover. Plaintiff allege SHO Porter did not provide him written notice of the JIR, now allow him to review the JIR. Plaintiff allege during his

hearing SHO Porter specifically referred to and relied upon Stover's JIR and the concealed factual allegations therein as the evidentiary basis in making her findings of fact and Plaintiff guilt.

62.    Plaintiff adopts by reference and incorporates, inclusive, as if fully alleged herein, paragraphs 30 through 32.

63.    Plaintiff asserts that through formal discovery he could obtain copies of the Jail Incident Reports in connection with the violations of his civil rights as alleged in this complaint, and present those JIR's to this Court as evidence which Plaintiff asserts would demonstrate that defendant Dean official "policy" and "custom" of depriving a charged prisoner written notice of the JIR which the SHO specifically refers to and relies upon as the evidentiary basis in making his finding of fact and the prisoners guilt, affirmatively violates the type of notice required by due process and the right to be informed and confronted with the adverse evidence to be weighed by the trier of fact.

64.    Plaintiff allege that defendant Dean official policy and custom of depriving charged prisoners with written notice of the JIR was the direct and proximate result of each and every violation of the Plaintiffs due process as alleged with particularity in this complaint.

65.    Plaintiff assert that part of the function of written notice of the charges and factual allegations with particularity to be considered at the hearing, is to give the charged party a chance to marshal the facts in his defense and to clarify what the charges are, in fact, and to permit reasonable opportunity to prepare a defense. Plaintiff allege that neither of these functions are performed by the particular MDR notice given to charged prisoners and as a direct and proximate result of defendant Dean official policy and custom of depriving written notice of the JIR.

66.    Plaintiff asserts that during an evidentiary hearing he could present to this Court uncontrovertable evidence demonstrating he has personally in the past 8 to 10 years sufficiently informed and therefore placed defendant Dean on notice and with particularity through formal grievances, that his official policy and custom of depriving written notice of the JIR in disciplinary proceedings as alleged in this complaint violates due process of law within the

meaning of WOLFF V. McDONNELL, and the Due Process Clause to the Fourteenth Amendment.

67.   Plaintiff allege that during an evidentiary hearing he could present to this Court evidence demonstrating that despite Plaintiff's fair notices given to Dean over nearly a decade that his official policy and custom violates due process of law, that Dean has willingly, knowingly and with deliberate disregard refused to bring the disciplinary process and procedures employed by Ventura County Jail and under his supervision into conformity and compliance with the particular written notice required by due process within the meaning of WOLFF V. McDONNELL, and the Due Process Clause.

68.   Plaintiff asserts that through formal discovery he could obtain and present as affirmative evidence before this Court copies of grievances both he and several other prisoners having filed challenging defendant Dean official policy and custom of depriving written notice of the JIR, as violative of the written notice required by due process within the meaning of WOLFF V. McDONNELL, and the Due Process Clause.

69.   Plaintiff assert that during an evidentiary hearing and trial he could present the Reporting Employee's and Senior Hearing Officer's mentioned above and elicit testimony from each deputy establishing that defendant Dean did not train or instruct these deputies to provide written notice of the JIR to a prisoner charged with formal disciplinary charges in Ventura County Jail. Plaintiff assert he could eliot testimony from these deputies establishing that defendant Dean did not train or instruct these deputies to provide written notice of the JIR to a prisoner charged with formal disciplinary charges as required by WOLFF V. McDONNELL. Plaintiff assert he could eliot testimony from these deputies establishing that in conformity with defendant Dean official policy and custom that deputies are trained and instructed not to provide written notice of the JIR to the charged prisoner, and further that as part of their training and instruction and in conformity with Dean official policy and custom, the Senior Hearing Officer conducting the formal disciplinary hearing specifically refers to and relies upon the JIR as the evidentiary basis in making his finding of fact and guilt.

70.   Plaintiff assert that during an evidentiary hearing and trial he could present Commander Wade and elicit testimony from Wade that would establish that defendant Dean's official

written legal conclusion is: "Nowhere in Wolff V. McDonnell (1974) nor the Constitution does it state that you must be given a copy of the JIR for your disciplinary hearing", and that could further establish that defendant Dean legal conclusion is inconsistent in both design and effect with the written notice required by due process.

71.   Plaintiff assert that during an evidentiary hearing and trial he could present Senior Deputy Lucy and elicit testimony from him establishing that defendant Dean official written legal conclusion is: " Nothing in either the United States Supreme Court decision nor Title 15 require the accused be provided a copy of the jail incident report documenting the incident," and that could further establish that Defendant Dean legal conclusion inconsistent in both design and effect with the written notice required by due process and Title 15⁰ 1081 (1).

72.   Plaintiff assert that during an evidentiary hearing and trial he could elicit testimony establishing that defendant Dean is the legal custodian of Ventura County Jail and that in such capacity Dean is ultimately responsible for the overall operations of Ventura County Jail and that Dean is the final decision-maker with respect to the official policy's and customs related to the jails operations, including the policy and custom of depriving written notice of the JIR.

73.   Plaintiff allege that defendant Dean is a professionally trained police office who has been employed by the Ventura County Sheriff's office for almost 40 years, and has a duty to have a reasonable knowledge of what the law prohibits. Plaintiff allege that defendant Dean could not reasonably claim ignorance or unawareness of the particular type of written notice that is required by due process within the meaning and reasoning of WOLFF V. McDONNELL, and of the due process requirement to be informed and confronted with the adverse evidence, (JIR), to be weighed by the trier of fact.

74.   Plaintiff allege that based on pre-existing law and the requirements dictated by precedent existing at the time the violations of Plaintiffs due process rights occurred as alleged herein, that defendant had known or reasonably should have known that his official policy and custom employed in formal disciplinary process that deprive the charged prisoner written notice of the JIR affirmatively violates the particular type of written notice required by due process, and of the due process right to be informed and confronted with the adverse evidence (JIR) to be weighed by the trier of fact.

75.     Plaintiff allege as a direct and proximate result of defendant Dean official policy and custom of depriving written notice of the JIR, that Plaintiff was wholly denied due process of law when the defendant denied Plaintiff the type of written notice as required by due process within the meaning of WOLFF v. McDONNELL, and denied him his due process right to be informed and confronted with the adverse evidence to weighed by the trier during each quasi-judicial proceeding conducted by Ventura County Jail officials, as alleged herein; within the meaning and violation of GONZALES v. U.S., 348 U.S. 407, 411-412; SIMMONS V.U.S., 348 U.S. 397,404-405; CHERNEKOFF V.U.S., 219 F.2d 721, 723-724 (9th CIR.1955); and defendant Dean is liable for the violations of Plaintiffs civil rights under 42 U.S.C.§1983.

76.     Plaintiff assert he has alleged facts within this complaint which establish factual violations and deprivations of his civil rights committed by the defendant and Ventura County Jail.

77.     Plaintiff asserts the instant complaint sufficiently states a color claim for relief, under 42 U.S.C.§1983 and the Due Process Clause of the Fourteenth Amendment.


## VERIFICATION

I am the Plaintiff in this action. I have read the foregoing complaint and declare that the facts stated therein are true of my knowledge. I declare under the penalty of perjury that the foregoing is true and correct. Executed on April 20, 2017 at Ventura California.

Lee Peyton
Lee Peyton.

**E. REQUEST FOR RELIEF**

I believe that I am entitled to the following specific relief:

1. A declaratory judgment specifying that defendant Dean official policy and custom of depriving written notice of the JIR violates the Constitution;

2. An injunction enjoining defendant Dean from employing his official policy and custom of depriving written notice of the JIR in formal disciplinary hearings;

3. Trial by jury;

4. Damages, compensatory, punitive and otherwise according to proof by jury;

5. That defendants pay for the cost of suit, and any expenses Plaintiff incur;

6. An evidentiary hearing within time; and

7. Any other relief the court deems appropriate.

4/20/17
(Date)

Lee Peyton
(Signature of Plaintiff)

## Declaration of Lee E. Peyton

I, Lee Peyton, declare as follows:

1. I am the plaintiff in this action and if called upon to do so I could competently testify to the following facts of my own knowledge.

2. I am currently confined in Ventura County Jail. That I do not have access to photocopying services herein this jail in order to make copies of the grievances in connection with the allegations in Claim 2.

3. That I have to mail those grievances to my family to have copies made. I will file copies of all of the grievances with the Court as soon as I have copies made.

4. That the documents attached to this complaint as Exhibits are true and correct copies.

5. That I bring this Civil action in good faith seeking relief for the violations of my Civil rights caused by the County of Ventura, or officials employed thereby.

6. I assert that Claim I, is not barred by the Heck rule in that I have recieved a judicial finding of fact as to the Claims therein, in the action of Lee E. Peyton V. Darrell Adams, case no. CV 05-6928-FMC (AJW), granting federal habeas corpus relief. See Exhibit 1.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on April 20, 2017 at Ventura California.

Lee Peyton

Lee Peyton.

EXHIBIT. 1

1 | SEAN K. KENNEDY (No. 145632)
Federal Public Defender
2 | (Sean_Kennedy@fd.org)
MICHAEL SCHAFLER (No. 212164)
3 | (Michael_Schafler@fd.org)
Deputy Federal Public Defender
4 | 321 East 2nd Street
Los Angeles, California 90012-4202
5 | Telephone (213) 894-5186
Facsimile (213) 894-0081
6 |
Attorneys for Petitioner
7 | LEE EDWARD PEYTON

```
FILED
CLERK, U.S. DISTRICT COURT

JUN 30 2008

CENTRAL DISTRICT OF CALIFORNIA
BY
```

8

9                    UNITED STATES DISTRICT COURT

10                  CENTRAL DISTRICT OF CALIFORNIA

11                        WESTERN DIVISION

12 | LEE EDWARD PEYTON              )    CASE NO. CV 05-6928-FMC(AJW)
                                   )
13 |                               )
              Petitioner,          )
14 |                               )    [~~PROPOSED~~] JUDGMENT
          v.                       )
15 |                               )
     DARRELL ADAMS, Warden,        )
16 |                               )
                                   )
17 |          Respondent.          )
   |_____)

18

19        IT IS HEREBY ADJUDGED that Petitioner Lee Edward Peyton's

20   Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, is

21   GRANTED as to Ground Three of the Petition, which alleges ineffective

22   assistance of counsel for his trial counsel's failure to timely file a notice of

23   appeal and request for the issuance of a certificate of probable cause as

24   instructed by Mr. Peyton within the statutory time period to file a direct

25   appeal in the California Court of Appeal.

26

27

28

EXHIBIT.1

1.

1    THEREFORE, IT IS HEREBY ORDERED that Respondent Darrell

2  Adams, Warden, is to release Mr. Peyton from all custody attributable to his

3  conviction in *People v. Lee Edward Peyton*, Ventura County Superior Court

4  Case No. 2003015069, unless:

5

6    (1)    Mr. Peyton is permitted to file a notice of appeal and a request

7         for the issuance of a certificate of probable cause, pursuant to

8         California Penal Code § 1237.5, in the Ventura County Superior Court

9         and, within ninety (90) days of the filing thereof, the Ventura County

10         Superior Court issues a ruling on the merits of Mr. Peyton's request for

11         the issuance of a certificate of probable cause without rejecting Mr.

12         Peyton's request for the issuance of a certificate of probable cause and

13         notice of appeal as untimely; *or*

14

15    (2)    Mr. Peyton fails to file in the Ventura County Superior

16         Court a request for the issuance of a certificate of  probable

17         cause within sixty (60)  days of the entry of this Judgment.

18

19    IT IS FURTHER ORDERED, that as to all other claims raised in Mr.

20  Peyton's Petition for Habeas Corpus, which was filed on September 22, 2005,

21  the Petition is denied *without prejudice*.  Those remaining claims will be

22  subject to reopening upon Mr. Peyton's filing of a Motion to Reopen Petition

23  for Habeas Corpus within ninety (90) days of  either of the following:

24

25    (1)    The Ventura County Superior Court's denial of Mr.

26         Peyton's request for the issuance of a certificate of probable cause; *or*

27

28                                    2

(2)   The ultimate disposition of a direct appeal following the Ventura County Superior Court's grant of Mr. Peyton's request for issuance of a certificate of probable cause.

**IT IS SO ORDERED**.

Dated: _June 30_ , 2008

_[signature]_
HON. FLORENCE-MARIE COOPER
United States District Judge

Presented by:

_/ s /_
MICHAEL SCHAFLER
Deputy Federal Public Defender

3

EXHIBIT. 2

**Printed: 04/18/2017 22:26**      Ventura County Sheriff's Department      **Page 1 of 1**
Detention Services Division

## Major Disciplinary Report

You are hereby notified that a complaint has been filed against you alleging a violation of the jail rule(s) listed. A hearing will be conducted to determine your guilt or innocence. At the hearing you may tell your side of the story and present a defense. If you are found guilty of this violation your discipline may consist of, but not be limited to:

| Loss of privileges: Commissary and/or visits | Loss of "good time" | Disciplinary isolation |
|---|---|---|
| Extra work details | Loss of "work time" | Disciplinary isolation diet |
| Removal from work status | Loss of Dayroom | |

| | | |
|---|---|---|
| **Report Number:** 358255 | | **JIR Number:** 196512 |
| **Booking Number:** 1976725 | Peyton, Lee | **Locator:** MJ-4-G -1 -02 |
| **Violation Type:** Major | | **Violation Date:** 03/10/2016 16:42 |
| **Written By:** 4700 | Harmon | **Date Entered:** 03/10/2016 16:42 |
| **Approved By:** 2568 | Smith | **Approval Date:** 03/10/2016 18:33 |
| **Heard By:** 3033 | Kelley | **Hearing Date:** 3/11/2016 19:00:00 |

**(Inmate has 24 hours to prepare a defense, unless waived)**

**Waived:** No      **Date Waived:**                          **Date Written Notice:** 03/10/2016 16:45

### Major Offenses

- Creating a disturbance
- Disrespect to Staff
- Failure to Obey a Directive
- Deception
- Unauthorized Communication within Facility

| **Minor Offenses** | **Report Nbr** | **Date of Offense** |
|---|---|---|
| Unauthorized Communication | 358186 | 03/09/2016 15:32 |

### Disciplinary Report Notes:

Inmate Peyton #1976725 given a major write-up for disrespect to staff, failure to obey, unauthorized communication, deception, and creating a disturbance. Inmate given 24 hours to prepare a defense. Written notification given at approximately 1645 hours.

# GIVE THIS COPY TO INMATE WITHOUT DELAY

EXHIBIT. 2

1.

**Distribution: Inmate Copy**

Printed: 04/18/2017 22:27     **Ventura County Sheriff's Department**     Page 1 of 1
**Detention Services Division**

## Major Disciplinary Report

You are hereby notified that a complaint has been filed against you alleging a violation of the jail rule(s) listed. A hearing will be conducted to determine your guilt or innocence. At the hearing you may tell your side of the story and present a defense. If you are found guilty of this violation your discipline may consist of, but not be limited to:

| Loss of privileges: Commissary and/or visits | Loss of "good time" | Disciplinary isolation |
|---|---|---|
| Extra work details | Loss of "work time" | Disciplinary isolation diet |
| Removal from work status | Loss of Dayroom | |

| | | |
|---|---|---|
| **Report Number:** 368278 | | **JIR Number:** 204413 |
| **Booking Number:** 1976725 | Peyton, Lee | **Locator:** MJ-4-G -1 -02 |
| **Violation Type:** Major | | **Violation Date:** 09/05/2016 15:40 |
| **Written By:** 4054 | Vo | **Date Entered:** 09/05/2016 16:17 |
| **Approved By:** 2568 | Smith | **Approval Date:** 09/05/2016 16:39 |
| **Heard By:** 2568 | Smith | **Hearing Date:** 9/5/2016 21:20:00 |

**(Inmate has 24 hours to prepare a defense, unless waived)**

**Waived:** Yes     **Date Waived:** 09/05/2016 16:05     **Date Written Notice:** 09/05/2016 16:20

## Major Offenses

⬤ Other

---

**Disciplinary Report Notes:**
Inmate Peyton was given a Major Write-Up for failure to house.  See JIR for details.

# GIVE THIS COPY TO INMATE WITHOUT DELAY

EXHIBIT. 2

2.

**Distribution:** Inmate Copy

**Printed: 09/14/2016 17:17**  **Ventura County Sheriff's Department**  **Page 1 of 1**
**Detention Services Division**

# Major Disciplinary Report

You are hereby notified that a complaint has been filed against you alleging a violation of the jail rule(s) listed. A hearing will be conducted to determine your guilt or innocence. At the hearing you may tell your side of the story and present a defense. If you are found guilty of this violation your discipline may consist of, but not be limited to:

| Loss of privileges: Commissary and/or visits | Loss of "good time" | Disciplinary isolation |
|---|---|---|
| Extra work details | Loss of "work time" | Disciplinary isolation diet |
| Removal from work status | Loss of Dayroom | |

| | |
|---|---|
| Report Number: 368739 | JIR Number: 204745 |
| Booking Number: 1976725    Peyton, Lee | Locator: MJ-4-F -4 -04 |
| Violation Type: Major | Violation Date: 09/14/2016 17:14 |
| Written By: 2819    Jalaty | Date Entered: 09/14/2016 17:14 |
| Approved By: | Approval Date: |
| Heard By: | Hearing Date: |

**(Inmate has 24 hours to prepare a defense, unless waived)**

Waived: No    Date Waived:    Date Written Notice: 09/14/2016 17:20

## Major Offenses

● Other

## Disciplinary Report Notes:

On 9-14-16, I issued I/M Peyton a major write-up for failure to house.  I gave Peyton his 24 hours to prepare a defense.  See JIR #204745 for details.

# GIVE THIS COPY TO INMATE WITHOUT DELAY

EXHIBIT. 3

3.

**Distribution: Inmate Copy**

**Printed: 04/18/2017 22:27**   Ventura County Sheriff's Department   **Page 1 of 1**
Detention Services Division

## Major Disciplinary Report

You are hereby notified that a complaint has been filed against you alleging a violation of the jail rule(s) listed. A hearing will be conducted to determine your guilt or innocence. At the hearing you may tell your side of the story and present a defense. If you are found guilty of this violation your discipline may consist of, but not be limited to:

| Loss of privileges: Commissary and/or visits | Loss of "good time" | Disciplinary isolation |
| Extra work details | Loss of "work time" | Disciplinary isolation diet |
| Removal from work status | Loss of Dayroom | |

| | | |
|---|---|---|
| **Report Number:** 374257 | | **JIR Number:** 208516 |
| **Booking Number:** 1976725 | Peyton, Lee | **Locator:** MJ-4-G -1 -02 |
| **Violation Type:** Major | | **Violation Date:** 12/13/2016 08:59 |
| **Written By:** 3579 | Lopez | **Date Entered:** 12/13/2016 08:59 |
| **Approved By:** 3816 | Bowie | **Approval Date:** 12/13/2016 12:54 |
| **Heard By:** 2147 | Guzzard | **Hearing Date:** 12/14/2016 08:36:00 |

**(Inmate has 24 hours to prepare a defense, unless waived)**

**Waived:** Yes   **Date Waived:** 12/13/2016 09:39      **Date Written Notice:** 12/13/2016 09:00

### Major Offenses

● Failure to Obey a Directive

### Disciplinary Report Notes:

On 12/13/16, I gave I/M Peyton a Major write-up for failure to house. He was advised and refused his 24 hours to prepare his defense. Refer to JIR #208516 for details.

# GIVE THIS COPY TO INMATE WITHOUT DELAY

EXHIBIT. 2

4.

**Distribution: Inmate Copy**

**Printed: 12/13/2016 12:08**

### Ventura County Sheriff's Department
### Detention Services Division

**Page 1 of 1**

## Major Disciplinary Report

You are hereby notified that a complaint has been filed against you alleging a violation of the jail rule(s) listed. A hearing will be conducted to determine your guilt or innocence. At the hearing you may tell your side of the story and present a defense. If you are found guilty of this violation your discipline may consist of, but not be limited to:

| Loss of privileges: Commissary and/or visits | Loss of "good time" | Disciplinary isolation |
|---|---|---|
| Extra work details | Loss of "work time" | Disciplinary isolation diet |
| Removal from work status | Loss of Dayroom | |

| | | |
|---|---|---|
| **Report Number:** 374263 | | **JIR Number:** 208522 |
| **Booking Number:** 1976725 | Peyton, Lee | **Locator:** MJ-4-G -1 -02 |
| **Violation Type:** Major | | **Violation Date:** 12/13/2016 11:00 |
| **Written By:** 5035 | Gildroy | **Date Entered:** 12/13/2016 12:06 |
| **Approved By:** | | **Approval Date:** |
| **Heard By:** | | **Hearing Date:** |

**(Inmate has 24 hours to prepare a defense, unless waived)**

**Waived:** No     **Date Waived:**     **Date Written Notice:** 12/13/2016 12:15

## Major Offenses

● Possession of Contraband
● Destruction of County Property

**Disciplinary Report Notes:**

On 12/13/16, I issued Lee Peyton BK# 1976725 a major write-up for Possession of Contraband and Destruction of County Property. Peyton requested his twenty four hours to prepare a defense before speaking with a Senior Deputy. Written notice given at 1215 hours.

# GIVE THIS COPY TO INMATE WITHOUT DELAY

EXHIBIT. 2

5.

**Distribution: Inmate Copy**

Printed: 01/16/2017 16:35     **Ventura County Sheriff's Department**     Page 1 of 1

**Detention Services Division**

## Major Disciplinary Report

You are hereby notified that a complaint has been filed against you alleging a violation of the jail rule(s) listed. A hearing will be conducted to determine your guilt or innocence. At the hearing you may tell your side of the story and present a defense. If you are found guilty of this violation your discipline may consist of, but not be limited to:

| Loss of privileges: Commissary and/or visits | Loss of "good time" | Disciplinary isolation |
|---|---|---|
| Extra work details | Loss of "work time" | Disciplinary isolation diet |
| Removal from work status | Loss of Dayroom | |

| | | | |
|---|---|---|---|
| Report Number: 376485 | | JIR Number: 210207 | |
| Booking Number: 1976725 | Peyton, Lee | Locator: MJ-4-G -1 -02 | |
| Violation Type: Major | | Violation Date: 01/16/2017 16:29 | |
| Written By: 5205 | Ruppel | Date Entered: 01/16/2017 16:29 | |
| Approved By: | | Approval Date: | |
| Heard By: | | Hearing Date: | |

**(Inmate has 24 hours to prepare a defense, unless waived)**

Waived: No     Date Waived:        Date Written Notice: 01/16/2017 17:00

### Major Offenses

- Creating a disturbance
- Disrespect to Staff

| Minor Offenses | Report Nbr | Date of Offense |
|---|---|---|
| Other | 375420 | 12/30/2016 13:52 |
| Other | 375546 | 01/01/2017 10:54 |

### Disciplinary Report Notes:

Peyton received a major write-up for disrespect to staff and creating a disturbance. Peyton was granted his twenty four hour period to prepare a defense with a Senior Deputy. Peyton was made aware of his major write up by both written and verbal notice. Refer to Jir#210207 for further details. Senior Deputy Preciado was made aware of the incident.

# GIVE THIS COPY TO INMATE WITHOUT DELAY

EXHIBIT. 2

6.

Distribution: Inmate Copy

Printed: 04/04/2017 15:58

**Ventura County Sheriff's Department**
**Detention Services Division**

Page 1 of 1

## Major Disciplinary Report

You are hereby notified that a complaint has been filed against you alleging a violation of the jail rule(s) listed. A hearing will be conducted to determine your guilt or innocence. At the hearing you may tell your side of the story and present a defense. If you are found guilty of this violation your discipline may consist of, but not be limited to:

| Loss of privileges: Commissary and/or visits | Loss of "good time" | Disciplinary isolation |
|---|---|---|
| Extra work details | Loss of "work time" | Disciplinary isolation diet |
| Removal from work status | Loss of Dayroom | |

| | | | |
|---|---|---|---|
| Report Number: 380850 | | JIR Number: 213802 | |
| Booking Number: 1976725 | Peyton, Lee | Locator: MJ-4-G -1 -02 | |
| Violation Type: Major | | Violation Date: 04/04/2017 07:30 | |
| Written By: 5127 | Stover | Date Entered: 04/04/2017 10:09 | |
| Approved By: 3075 | Welty | Approval Date: 04/04/2017 10:49 | |
| Heard By: | | Hearing Date: | |

**(Inmate has 24 hours to prepare a defense, unless waived)**

Waived: No      Date Waived:                    Date Written Notice: 04/04/2017 12:00

### Major Offenses
- ● Creating a disturbance
- ● Failure to Obey a Directive

| Minor Offenses | Report Nbr | Date of Offense |
|---|---|---|
| ● Failure to obey | 380020 | 03/20/2017 13:52 |

### Disciplinary Report Notes:
Inmate Peyton, Lee (booking #1976725) received a major write up for Failure to Obey and Creating a disturbance. See JIR #213802 for further details.

Peyton was given 24 hours to prepare a defense.

Peyton received written notice of his write up.

# GIVE THIS COPY TO INMATE WITHOUT DELAY

EXHIBIT. 2

7.

Distribution: Inmate Copy

Lee Peyton-Bk#1976125
c/o Ventura Co. Main Jail
P.O. Box 6929
Ventura, CA. 93006

Attn: Intake/Docket

United States District Court
312 N. Spring St., Room G-8
Los Angeles, CA. 90012

PRESS FIRMLY TO SEAL

U.S. POSTAGE PAID
VENTURA, CA
93003
APR 26, 17
AMOUNT
**$26.50**
R2304M111836-81
1007 90012

# PRIORITY ★ MAIL ★ EXPRESS™

OUR FASTEST SERVICE IN THE U.S.

EL239428382US

PRIORITY ★ MAIL ★ EXPRESS™ — UNITED STATES POSTAL SERVICE®

WRITE FIRMLY WITH BALL POINT PEN ON HARD SURFACE TO MAKE ALL COPIES LEGIBLE.

CUSTOMER USE ONLY

FROM: (PLEASE PRINT)
Christna A. Valdes
P.O. Box 6413
Ventura, CA 93006

RECEIVED
CLERK, U.S. DISTRICT COURT
APR 27 2017
CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

TO: (PLEASE PRINT)
United States District Court
312 N. Spring St. Room G-8
Los Angeles, CA 90012

ORIGIN (POSTAL SERVICE USE ONLY)
PO ZIP Code: 93003
Scheduled Delivery Date: 4-27-17
Postage: $ 26.50
Date Accepted: 4-26-17
Time Accepted: 4:21 PM
Flat Rate ☒
Total Postage & Fees: $ 26.50

For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
$100.00 insurance included.

LABEL 11-B, SEPTEMBER 2015 PSN 7690-02-000-9996
3-ADDRESSEE COPY

WHEN USED INTERNATIONALLY, A CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

EMS

PS10001000006

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

UNITED STATES POSTAL SERVICE.

This envelope is made from post-consumer waste. Please recycle - again.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express™ shipments. Misuse may

